# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| THORA M. MOULTON, *dec'd., by her next* | ) | |
| *friend/personal representative*, ALISON E. | ) | |
| CLAPP, on behalf of THORA M. | ) | |
| MOULTON and/or all others similarly | ) | |
| situated, | ) | 2:09-cv-118-PPS |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| STATE OF INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION AND ORDER</u>

Thora Moulton was an elderly woman living in Valparaiso, Indiana when in February

2008 a state probate court appointed a temporary guardian for her. The guardian promptly had

Ms. Moulton removed from her home and brought to an assisted living facility. Ms. Moulton

died two months later. Ms. Moulton's relatives – through plaintiff Alison Clapp in her capacity

as next friend and personal representative of Ms. Moulton – believe that the probate court acted

improperly. Ms. Clapp brings this class action against the State of Indiana and the two state

court judges who presided over the probate matter, Judge Roger Bradford and Magistrate Judge

James Johnson. Clapp contends that Moulton's federal constitutional rights were violated when

the Indiana trial court appointed the temporary guardian under Indiana Code § 29-3-3-4. Clapp

seeks declaratory and injunctive relief on behalf of a class of people similarly situated to

Moulton.

The Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule

12(b)(1) [DE 9]. Defendants make four arguments for dismissal: (1) that the claims became

moot upon Moulton's death; (2) that the claims, in any event, fall within the probate exception to federal subject matter jurisdiction; (3) that jurisdiction is barred by the *Rooker-Feldman* doctrine; and (4) that the Court should abstain from exercising jurisdiction pursuant to the *Younger* doctrine. For the reasons discussed below, because Clapp seeks only declaratory and injunctive relief, I find that her claims are mooted by Moulton's death. This is basis enough to dismiss this case, but I will nonetheless discuss Defendants' *Rooker-Feldman* argument for dismissal, in part to clarify the jurisdictional obstacles that would remain even if Plaintiff's lawsuit had not been mooted.

## BACKGROUND

On February 19, 2008, attorney Donald J. Evans filed a petition in the Porter Superior Court in Valparaiso, Indiana, seeking the appointment of a temporary guardian over Moulton due to, among other things, her supposed inability to care for herself [DE 1, ¶ 23; DE 11-2, Ex A]. The trial court's same day order found that Moulton's welfare required immediate action, and it appointed Evans as Moulton's temporary guardian [DE 1, ¶ 27; DE 11-2, Ex. B]. The following day, Evans, under authority of the trial court's appointment, removed Moulton from her home, and transferred her to a Valparaiso, Indiana assisted living facility [DE 1, ¶ 28].

On March 7, 2008, the trial court appointed a guardian *ad litem*, Richard Rupcich, to represent Moulton [DE 1, ¶ 31; DE 11-3, Ex. D]. Rupcich subsequently met with Moulton, and, on the basis of that meeting, advised the trial court to appoint Evans as guardian of Moulton's person, and First Source Bank as guardian of her estate [DE 1, ¶ 32; DE 11-3, Ex. F].

Moulton died at the assisted living facility on April 28, 2008 [DE 1, ¶ 45]. On May 22, 2008, Evans and First Source Bank petitioned to terminate the guardianship [DE 1, ¶ 48]. On June 20, 2008, Ms. Clapp, as a representative of Ms. Moulton, appeared in the trial court

proceedings [DE 11-4, Ex. J]. Clapp then filed a number of objections to the trial court's procedures in appointing, deploying and finally terminating Evans, and to Evans' decisions in carrying out his temporary guardianship duties, including his decision to remove Moulton from her home [DE 11-(3-6), Exs. C, E, H, J-K & M]. On August 11, 2008, the trial court granted the petition filed by Evans and the Bank for termination of the temporary guardianship [DE 11-5, Ex. L]. The court's termination order noted that Clapp had been given notice of the June 27, 2008 hearing on the petition to terminate the guardianship, but had not appeared [*Id*.].

Clapp appealed the trial court's August 11, 2008 termination order to the Indiana Court of Appeals [DE 10-3]. In her appeal, Plaintiff also challenged the trial court's February 19, 2008 order appointing the temporary guardian, and the constitutionality of IC § 29-3-3-4, the statute under which the trial court appointed Evans [*Id*.]. In its March 17, 2009 memorandum decision, the appellate court affirmed the trial court's August 11, 2008 order terminating the guardianship; held that Plaintiff had not timely appealed the February 19, 2008 order appointing the temporary guardian; and found that she had not rebutted the presumption of IC § 29-3-3-4's constitutionality [*Id*.]. Clapp sought review in the Indiana Supreme Court, but the Supreme Court denied review on July 2, 2009 [DE 10-5].

After the appellate proceedings were over, Evans filed a petition with the trial court seeking attorney and guardian fees, and the trial court entered an August 5, 2009 order scheduling a hearing on that petition [*Id*.]. On August 11, 2009, Clapp submitted a "Motion: Cease and Desist" with the Indiana Supreme Court (the motion was "received" by the clerk, but not filed), asking the court to vacate the trial court's August 5, 2009 order and bar Evans from further participation in the guardianship [DE 11-5, Ex. O; DE 10-5]. In its August 18, 2009 order, the Indiana Supreme Court found that this motion was procedurally improper [DE 10-5],

3

reasoning that matters already decided by the appellate court were final, and that any review of

matters not decided by that court would be procedurally improper [*Id*.].

Clapp then filed with the trial court an opposition to Evans' petition for attorney and

guardian fees [DE 11-8, Ex. Q; DE 10-6].  The trial court ordered a hearing on that petition, and

other unspecified "pending motions" for November 13, 2009 [DE 10-8].  The parties' briefing

does not indicate whether the trial court has resolved the dispute as to Evans' fee petition, which

was pending as of the date Defendants filed their reply brief in this matter [DE 18].

## DISCUSSION

Clapp alleges that the removal of Moulton from her home pursuant to IC § 29-3-3-4, was

unconstitutional.  Clapp does not seek damages [DE 1, ¶ 61].  Instead, she seeks a declaratory

judgment that this removal – and the guardianship proceedings relating to Moulton's removal –

violated the federal constitution, in particular Moulton's fourth, fifth, eighth and fourteenth

amendment rights [DE 1, ¶¶ 54 & 58].  Clapp also challenges the constitutionality of  IC § 29-3-

3-4. [*Id*., ¶¶ 55 & 59].  She seeks prospective and retrospective injunctive relief, including orders

enjoining the Indiana courts from further use of IC § 29-3-3-4, and requiring the State of Indiana

to review all prior guardianship appointments under that statute [*Id*., ¶ 63].  Clapp also seeks a

declaration that Defendants' conduct violated 42 U.S.C. §§ 1983 and 1985 [*Id*. at 14].  Although

much of the complaint in this matter is a bevy of serious allegations about the conduct of Mr.

Evans, Evans is not named as a defendant.  Instead, as noted above, the defendants are the State

of Indiana and the two judges who worked on Moulton's state case.

Under Rule 12(b)(1), a claim should be dismissed if the federal court lacks jurisdiction

over the subject matter of the claim.  Fed. R. Civ. P. 12(b)(1).  In reviewing a motion to dismiss

under Rule 12(b)(1), "the court is not bound to accept the truth of the allegations in the

complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT&T Wireless Servs.*, *Inc*., 205 F.3d 983, 990 (7th Cir. 2000). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Moreover, district courts are free to weigh the evidence to determine whether jurisdiction exists. *Id.*

## I. Moulton's Death Moots This Lawsuit.

The fact that Moulton is deceased means that Plaintiff's claims for injunctive and declaratory relief are moot. "A case becomes moot when a court's decision can no longer affect the rights of litigants in the case before them and simply would be 'an opinion advising what the law would be upon a hypothetical state of facts.'" *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.2d 588, 596 (7th Cir. 2006) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Federal courts have "no authority to rule where the case or controversy has been rendered moot." *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009).

The question of mootness was raised for the first time in Defendants' reply. Ordinarily, arguments raised for the first time by a moving party in a reply brief are deemed waived. *See Holman v. Indiana*, 211 F.3d 399, 405, n.5 (7th Cir. 2000). But the fact that Defendants failed to argue mootness in their opening brief does not prevent me from dismissing the case on that ground. I have an obligation to determine subject matter jurisdiction regardless of the parties' arguments or waivers. *See* Fed. R. Civ. P. 12(h)(3); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009); *United States v. Tribal Dev. Corp.*, 49 F.3d 1208, 1216 (7th Cir. 1994).

Moulton's death – which occurred almost a year before Plaintiff filed this lawsuit – prevents this Court from granting effectual injunctive or declaratory relief to Moulton. *Cf.*

*Bowman v. Corrs. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir. 2003) (prisoner's death mooted his representative's claim for injunctive relief); *Copsey v. Swearingen*, 36 F.3d 1336, 1339. n.3 (5th Cir. 1994) (claims for injunctive and declaratory relief were rendered mooted by the plaintiff's death); *Rivera v. Coler*, No. 85 C 9723, 1985 WL 4520, at *1 (N.D. Ill. Dec. 3, 1985) (plaintiff's death mooted the requested declaratory and injunctive relief); *see also Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001) (plaintiff's claim was moot because requested declaratory relief would have no impact on the parties to the suit).

Because Plaintiff seeks only declaratory and injunctive relief – which, regrettably, could not make a difference to Ms. Moulton – I must dismiss this lawsuit as moot.  Furthermore, Plaintiff's claims were moot before any class was certified.  So the class allegations in her complaint cannot save the lawsuit from mootness.  *See Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008) ("If, . . . the named plaintiff's claim becomes moot before the class is certified, the suit must be dismissed because no one besides the plaintiff has a legally protected interest in the litigation"); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007) (same).

## II.  The *Rooker-Feldman* Doctrine Bars Jurisdiction.

Even if Moulton's death had not mooted Plaintiff's claims, this Court would be barred from adjudicating those claims under the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine bars subject matter jurisdiction over this case. The *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction when (1) a losing party in state court files suit in federal court complaining of an injury caused by the state court judgment, and seeks review and rejection of that judgment; and (2) the losing party files the federal complaint after the state court proceedings have ended.  *See Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir.

2005); *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 590 (7th Cir. 2005) (*Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (citation and internal quotation marks omitted).

Clapp's complaint satisfies *Rooker-Feldman*'s first requirement – a losing party complaining of injuries allegedly caused by the adverse state court judgment, and seeking review of that judgment. In applying this prong of the *Rooker-Feldman* analysis, the "immediate inquiry" is whether Plaintiff seeks to set aside the state court's judgment, or whether she is presenting an independent claim. *See Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004). "[I]f the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls," and the federal court lacks jurisdiction over the claim. *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996).

The complaint in this case could not be clearer in alleging that Moulton's injuries were caused by the state court's decisions regarding the appointment, deployment and termination of Moulton's guardian under IC § 29-3-3-4. [*See* DE 1, ¶¶ 50-51, 54 & 58.] Clapp is also asking this Court to set aside the state trial court's judgment, including by retroactively enjoining the trial court's proceedings under IC § 29-3-3-4 [*Id.*, ¶ 63(vi)]; declaring that those proceedings violated Moulton's rights under the federal constitution [*Id.*, ¶¶ 54-55 & 58-59]; and declaring that IC § 29-3-3-4 itself is unconstitutional [*Id.*]. These claims, on their face, require a review of the state court proceedings, which satisfies *Rooker-Feldman*'s first requirement that Plaintiff seeks to set aside the state trial court's judgment. *See Taylor*, 374 F.3d at 532-33.

Moreover, Plaintiff's allegation that the trial court's actions were unconstitutional does not prevent her claims from being subject to *Rooker-Feldman*'s bar. *See Johnson v. Orr*, 551

F.3d 564, 568 (7th Cir. 2008) (district court properly concluded plaintiff could not avoid *Rooker-Feldman* bar by alleging that court's failure to issue him a tax deed injured him as a result of violations of his constitutional rights); *Holt*, 408 F.3d at 336 (plaintiff could not circumvent *Rooker-Feldman* by styling injury allegedly caused by state court eviction judgment as a due process action); *see also Stanley v. Hollingsworth*, No. 08-2453, 2009 WL 102125, at *9 (7th Cir. Mar. 3, 2009) (plaintiff's federal law claims attacking foreclosure judgment barred under *Rooker-Feldman*).

The second requirement of *Rooker-Feldman* is also met because Clapp filed her complaint after the state court proceedings about which she complains had come to an end. The Seventh Circuit has defined a state court proceeding as "ending," for *Rooker-Feldman* purposes, "when the highest court capable of review has considered the state decision, or where no party to the case seeks further action." *See Kathrein v. McGrath*, 166 Fed. Appx. 858, 862 (7th Cir. 2006) (citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24-25 (1st Cir. 2005)).

The appellate court's March 17, 2009 memorandum opinion found that Clapp had not timely appealed the trial court's February 19, 2008 order appointing a temporary guardian, and it affirmed the trial court's August 11, 2008 order terminating the guardianship [DE 10-3]. The appellate court further ruled that Clapp failed to rebut the presumption of IC § 29-3-3-4's constitutionality [*Id.*]. Had Clapp sought review of the appellate court's March 17, 2009 decision, she needed to have done so within 30 days of that decision, or by April 16, 2009 – well before she filed her April 27, 2009 federal complaint – assuming she did not seek a rehearing. *See* Ind. Appellate Rule 57(C). The Indiana Supreme Court's August 18, 2009 order suggests that Clapp did not timely appeal the March 17, 2009 decision [DE 10-5]. And Clapp's briefing

provides no evidence to the contrary.

The issues that the appellate court reviewed in its March 17, 2009 decision – the

February 19, 2008 and August 11, 2008 trial court decisions, and IC § 29-3-3-4's alleged

unconstitutionality – form the bases for Moulton's alleged injuries.  Because Clapp can no

longer appeal these issues, I conclude that the relevant state court proceedings ended before she

filed her federal complaint, and that Clapp therefore seeks federal review of a final state court

judgment.[1]  *Cf. Fincher v. South Bend Housing Auth.*, 612 F. Supp. 2d 1009, 1017-18 (N.D. Ind.

2009).  *Rooker-Feldman* prohibits this, and would require dismissal had Plaintiff's claims not

been mooted by Moulton's death.[2]

Finally, even if Clapp were not directly seeking to set aside the state court's judgment –

if, for example Clapp sought only a declaration that IC § 29-3-3-4 was unconstitutional –

*Rooker-Feldman* would still bar this action.  Federal claims not raised in state court may still be

subject to *Rooker-Feldman* if those claims are "inextricably intertwined" with a state court

judgment.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see

also Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008).  The "inextricably

intertwined" inquiry is not straightforward.  *See Taylor*, 374 F.3d at 533.  According to the

---

[1] The pendency of the dispute relating to Evans' fee petition does not prevent the applicability of *Rooker-Feldman* here.  The parties' briefing indicates that the trial court's proceedings relating to the fee petition may be ongoing [DE 11-8, Ex. Q].  But nothing in Plaintiff's complaint indicates she is calling into question those proceedings, or other ancillary issues that may be part of the continuing probate proceedings.  Rather, her complaint attacks the constitutionality of the trial court's appointment, deployment and termination of Evans and the Bank.  And *those* issues – the matters she raised in her appeal – have been finally decided [DE 10-5.]

[2] The fact that the guardianship proceedings Clapp challenges have ended implies that the probate exception may not provide an independent basis for dismissal.  The probate exception precludes federal courts from adjudicating disputes regarding matters reserved to state trial courts, including the appointment and deployment of a guardian. *See Jones v. Brennan*, 465 F.3d 304, 306-08 (7th Cir. 2006); *see also Struck v. Cook County Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007).  The Seventh Circuit has observed that the probate exception reflects the rationale that federal courts should not elbow their way into disputes within the control of a state probate court.  *See Jones*, 465 F.3d at 307.  That concern is not raised here because the challenged guardianship proceedings have ended.  *Cf. Struck*, 508 F.3d at 860.  In any event, because I am dismissing this case as moot, I need not reach the issue of whether any of Clapp's claims are barred by the probate exception to federal jurisdiction.

Seventh Circuit's test, though, claims alleged in federal court are inextricably intertwined with a state court judgment where "the district court is in essence being called upon to review the state-court decision." *Id.* (citation and quotation marks omitted). That is precisely what Clapp is asking this Court to do, whether or not she raised with the trial court all the issues she raises in her federal complaint, such as the issue of IC § 29-3-3-4's constitutionality. So this is yet another reason why this case must be dismissed for want of jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [DE 9] is **GRANTED** as described in this order. Plaintiff's Complaint is dismissed without prejudice as moot. Moreover, given the dismissal of this suit, Plaintiff's pending motion for declaratory judgment [DE 13] is **DENIED** as moot.

**SO ORDERED**

Entered: March 16, 2010

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
