UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THORA M. MOULTON, *dec'd., by her next friend/personal representative*, ALISON E. CLAPP, on behalf of THORA M. MOULTON and/or all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>STATE OF INDIANA, *et al.*,<br><br>　　　　　Defendants. | 2:09-CV-118-PPS |

## OPINION AND ORDER

Plaintiff Thora M. Moulton, by her representative, Alison Clapp, filed a motion for Rule 59(e) and Rule 60(b) relief from this Court's March 16, 2010 order, which dismissed her case as moot [DE 21]. For the reasons stated below, Ms. Clapp's motion does not meet the standard for relief under either Rule 50(e) or Rule 60(b). Accordingly, her motion is **DENIED**.

## BACKGROUND

Thora M. Moulton died in an assisted living facility two months after a guardian appointed by the state probate court had removed her from her Valparaiso, Indiana home and transferred her to that facility. Ms. Clapp, on Ms. Moulton's behalf, sued the State of Indiana and the two judges presiding over the probate matter, alleging that the probate court's decisions relating to the guardianship, including the appointment of the guardian under Indiana Code § 29-3-3-4, violated Ms. Moulton's rights under the federal Constitution. The complaint sought declaratory and injunctive relief on behalf of a class of people similarly situated to Ms.

1

Moulton.[1]

Defendants moved to dismiss, and after full briefing, the Court granted that motion, finding that Plaintiff's claims for injunctive and declaratory relief were mooted by Ms. Moulton's death [DE 19]. Moreover, because Ms. Moulton's alleged injuries were caused by the probate court's decisions regarding the appointment and deployment of the guardian, the Court observed that the *Rooker-Feldman* doctrine would bar the federal suit, even if Plaintiff's claims had not been mooted [*Id.*].

Plaintiff then filed the pending motion for relief under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, including a request for leave to file an amended complaint [DE 21].

**DISCUSSION**

**I.  Standard for Reconsideration**

There is technically no "motion to reconsider" under the Federal Rules of Civil Procedure; there are only motions to amend or alter judgment under Rule 59(e) and motions for relief from judgment under Rule 60(b). *See Ho v. Taflove,* No. 07 C 4305, 2010 WL 165869, at *7 (N.D. Ill. Jan. 15, 2010). Because Ms. Clapp filed this motion just eight days after the entry of judgment, the motion procedurally qualifies as a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e). But whether the motion should be analyzed under Rule 59(e) or Rule 60(b) depends on its substance, not on its timing or the label affixed to it. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Motions to reconsider based upon errors of law are governed by Rule 59(e); Rule 60(b), on the other hand, governs a motion to reconsider based upon mistake, inadvertence, surprise, or excusable neglect. *See Obriecht*, 517 F.3d at 493-94; *Harrington v. City of Chicago*,

---

[1]  *See* March 16, 2010 Opinion and Order regarding Defendants' motion to dismiss for a fuller description of the facts in this case [DE 19].

433 F.3d 542, 546 (7th Cir. 2006). Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *United States v. 8136 S. Dobson St., Chicago, Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

The pending motion does not provide evidence of mistake or extraordinary circumstances sufficient to justify relief under Rule 60(b). Instead, it seeks to alter my decision to dismiss this case based on alleged errors of law. It is therefore properly analyzed under Rule 59(e), rather than Rule 60(b). *See Obriecht*, 517 F.3d at 494.

The Court may alter or amend a judgment pursuant to Rule 59(e) only if the movant presents newly discovered evidence or points to evidence in the record that clearly establishes a manifest error of law or fact. *See Harrington*, 433 F.3d at 546 (citations omitted); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). Manifest error, however, is not demonstrated by the disappointment of the losing party; rather, it is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

Contrary to the standard for Rule 59(e) relief, Ms. Clapp does not point to any newly discovered evidence, or demonstrate that the Court disregarded, misapplied or failed to recognize controlling precedent. She does, however, raise two points in support of her motion: (1) that her case falls under the "capable of repetition, yet evading review" exception to the mootness doctrine; and (2) that *Rooker-Feldman* does not apply because her complaint does not object to the probate court's August 11, 2008 order terminating the guardianship [DE 23].

Plaintiff did not raise point (1) in her brief in opposition to Defendants' motion to dismiss, which is understandable given that Defendants asserted their mootness argument for the first time on reply [DE 18].

Point (2), however, simply rehashes Ms. Clapp's argument in her response brief that *Rooker-Feldman* is inapplicable [DE 12 at 7-10]. A request for reconsideration is not the appropriate mechanism for Ms. Clapp to express her disagreement with the Court's ruling on that point. *See Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Moreover, because the mootness of Plaintiff's case was basis enough to dismiss it, a reconsideration of my finding that *Rooker-Feldman* bars this suit would not alter my decision to dismiss the case.

Nonetheless, with the foregoing standards in mind, I will briefly address each of the points Plaintiff makes in her motion.

## II. The Capable-of-Repetition Doctrine Does Not Save Plaintiff's Case From Mootness.

The capable-of-repetition doctrine applies where a claim is so transitory that a plaintiff may have standing when litigation begins but loses his personal stake as the litigation continues. *See Robinson v. City of Chicago,* 868 F.2d 959, 967 (7th Cir. 1989). This doctrine "applies . . . only when repetition is likely to embroil the same parties to the dispute." *Holmes v. Fisher*, 854 F.2d 229, 232 (7th Cir. 1988). Moreover, the doctrine applies only in those exceptional situations where a plaintiff can reasonably show that he will again be subject to the alleged illegality. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

Ms. Clapp contends that the State of Indiana is allegedly colluding with "counsel for the poor, disabled and aged" to keep secret its guardian appointment procedures under IC § 29-3-3-4 [DE 23]. She appears to argue that the capable-of-repetition doctrine applies to her claims for injunctive relief because the mootness of such claims—where, as here, they are brought on

behalf of individuals who die after transfer to an assisted care facility—prevents review of these procedures [DE 23 at 2].

The capable-of-repetition doctrine, however, is unavailing because Plaintiff lacked standing at the commencement of this lawsuit. The capable-of-repetition doctrine applies only where a plaintiff had standing when the lawsuit is commenced, and later loses standing. *See Friends of the Earth, Inc. v. Laidlaw Environmental Serv.*, 528 U.S. 167, 191 (2000) ("if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum.").

To possess standing for the award of an injunction, Ms. Clapp must show that: (1) Ms. Moulton has suffered an "injury-in-fact"; (2) the injury is fairly traceable to the challenged conduct of the Defendants; and (3) the requested relief would likely redress the injury suffered. *See id.,* at 180-81; *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Ms. Clapp cannot meet the third requirement of this test because the injunctive and declaratory relief she requests will not affect Ms. Moulton in any way, and will certainly not redress the alleged injuries. *Cf. Platcher v. Health Professionals, Ltd.,* No. 04-1442, 2006 WL 1980193, at *4 (C.D. Ill. Jul. 12, 2006) (capable-of-repetition doctrine could not save claim for injunctive relief brought by father of deceased prisoner because plaintiff lacked standing when suit was commenced); *accord Bowman v. Corrections Corp. of America,* 350 F.3d 537, 550 (6th Cir. 2003) (mother of deceased prisoner could not pursue claim to enjoin prison's unconstitutional medical policy, because injunction could not impact decedent). Accordingly*,* the capable-of-repetition doctrine cannot save Plaintiff's lawsuit from mootness.

Nor can the fact that Plaintiff pleaded her claim as a class action save her case from mootness. A class representative's claim must be live when she files the case, even if her

individual claim becomes moot before the class is certified. *See Robinson,* 868 F.2d at 968.
Here, Ms. Moulton never had a stake in the requested declaratory and injunctive relief; "[t]his case was dead on arrival, moot the day the complaint was filed. So far as equitable relief was concerned, there was *never* a case or controversy within the meaning of Art. III of the Constitution." *Id.* (quoting *Holmes*, 854 F.2d at 232); *see also Foster v. Center Township*, 798 F.2d 237, 245 (7th Cir. 1986) ("if [plaintiff] lacked standing to bring the claim in question in her own right, she cannot qualify as a representative of a class purporting to raise the same claim.").

**III.** *Rooker-Feldmam* **Bars This Suit.**

In my March 16, 2010 order dismissing this case, I observed that, even if Plaintiff's claims had not been moot, *Rooker-Feldman* would bar the Court from adjudicating them because (1) Plaintiff's federal suit complained of an injury caused by the state probate court's judgment, and sought review and rejection of that judgment; and (2) Plaintiff filed her federal complaint after the probate court's proceedings had ended [DE 19].

Ms. Clapp does not dispute that the second prong of the *Rooker-Feldman* test is satisfied—that is, she does not dispute that she filed her federal complaint after the probate court proceedings had ended. She disputes only the first prong of that test, contending that *Rooker-Feldman* is inapplicable because her federal complaint does not object to the probate court's August 11, 2008 order terminating the guardianship [DE 23 at 3-4].

This argument misstates the Court's basis for finding that *Rooker-Feldman* bars this suit. Whether or not Plaintiff seeks to set aside the probate court's August 11, 2008 termination order, the complaint undoubtedly seeks review of that court's decisions regarding the appointment and deployment of the guardian under IC § 29-3-3-4, including by asking this Court to find that those decisions violated Ms. Moulton's rights under the federal Constitution [DE 1, ¶¶ 50-51, 54-55 &

58-59]. That, alone, satisfies the first prong of the *Rooker-Feldman* test. *See TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 590 (7th Cir. 2005) (*Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments" and "inviting district court review and rejection of those judgments.") (citation and internal quotation marks omitted); *see also Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). Accordingly, *Rooker-Feldman* applies regardless of whether the federal complaint specifically objects to the probate court's termination order.

Moreover, as noted in the order dismissing this case, even if Ms. Clapp's claims do not all directly seek to set aside the probate court's judgment, *Rooker-Feldman* still applies because her federal claims are "inextricably intertwined" with the probate court's guardianship decisions [DE 19 at 9-10]. *See Taylor*, 374 F.3d at 533 (federal claims are "inextricably intertwined" with a state court decision when "the district court is in essence being called upon to review the state-court decision") (internal quotation marks omitted).

**IV.   Ms. Clapp's Request for Leave to File an Amended Complaint**

This Court's dismissal of the original complaint as moot was "without prejudice" [DE 19]. This, however, was not an invitation to file an amended complaint that attempted to cure the mootness of the original complaint. "Mootness . . . is always a threshold jurisdictional question . . . ." *Worldwide Street Preachers' Fellowship v. Peterson*, 388 F.3d 555, 558 (7th Cir. 2004). And dismissal for lack of subject matter jurisdiction cannot be "with prejudice." *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) ("A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.").

Moreover, as noted, even if Ms. Clapp's claims for injunctive and declaratory relief had not been moot, the Court still would have dismissed the complaint on jurisdictional grounds,

7

under *Rooker-Feldman*. And when *Rooker-Feldman* applies, "the plaintiff cannot re-file in federal court." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Indeed, the Seventh Circuit has emphasized that a dismissal pursuant to *Rooker-Feldman* should not be rendered "without prejudice" because that would misleadingly suggest that the plaintiff may pursue the same claim again in federal court, which Ms. Clapp may not. *See id*.

Accordingly, the Court denies Ms. Clapp's request to file an amended complaint, but notes that the dismissal of her case as moot is without prejudice to her ability to assert her claims, if she so wishes, in a state court of competent jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Rule 59(e) and Rule 60(b) Relief, including her request for leave to file an amended complaint [DE 21], is **DENIED.**

**SO ORDERED.**

ENTERED: May 19, 2010

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
